# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **DLJ MORTGAGE CAPITAL, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NEAL ANTONIO STEVENS;** )<br>**CARLVIN LEONARD STEVENS a/k/a** )<br>**CARLVIN L. STEVENS a/k/a** )<br>**CALVIN LEONARD STEVENS;** )<br>**SYLVIN RODFORD STEVENS;** )<br>**KEVIN WINFIELD STEVENS a/k/a** )<br>**KEVIN W. STEVENS;** )<br>**RHEA RENEA STEVENS a/k/a** )<br>**RHEA R. STEVENS a/k/a RHEA STEVENS;** )<br>**SF CARNEGIE, LLC d/b/a** )<br>**CARNEGIE GARDENS NURSING CENTER;** )<br>**VIRGIN ISLANDS COMMUNITY BANK n/k/a** )<br>**FIRSTBANK PUERTO RICO;** )<br>**GENERAL ELECTRIC CAPITAL** )<br>**CORPORATION;** )<br>**UNITED STATES OF AMERICA –** )<br>**INTERNAL REVENUE SERVICE; and** )<br>any and all Unknown Heirs, beneficiaries, )<br>devisees, creditors, grantees, assignees, lienors, )<br>trustees, and all other parties claiming an )<br>interest by, through, under or against the )<br>Estate of Carlton L. Stevens )<br>a/k/a Carlton Stevens, Deceased, )<br>)<br>**Defendants.** ) | **Civil Action No. 2021-0013** |

**Attorneys:**
**Matthew R. Reinhardt, Esq.**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Martial A. Webster, Sr., Esq.**
St. Croix, U.S.V.I.
    *For Defendants Neal Antonio Stevens; Carlvin Leonard Stevens, a/k/a Carlvin L. Stevens*
      *a/k/a Calvin Leonard Stevens; Sylvin Rodford Stevens; Kevin Winfield Stevens*
      *a/k/a Kevin W. Stevens; Rhea Renea Stevens a/k/a Rhea R. Stevens a/k/a Rhea*
      *Stevens*

**Charlotte K. Perrell, Esq.**
**Lisa M. Kömives, Esq.**
St. Thomas, U.S.V.I.
    *For Defendant Virgin Islands Community Bank n/k/a FirstBank Puerto Rico*

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff DLJ Mortgage Capital, Inc.'s ("Plaintiff") "Motion for Summary Judgment" (Dkt. No. 84) and "Motion for Default Judgment" (Dkt. No. 85),[1] as supplemented by Plaintiff's "Memorandum in Response to Court Order" (Dkt. Nos. 89, 96), filed on November 28, 2023 and May 30, 2024; Plaintiff's "Notice of Filing OLG/PWD Drawing No. 3031" (Dkt. No. 92); and Defendants Neal Antonio Stevens, Carlvin L. Stevens a/k/a Calvin Leonard Stevens, Sylvin Rodford Stevens, Kevin Winfield Stevens a/k/a Kevin W. Stevens, and Rhea Renea Stevens' a/k/a Rhea R. Stevens a/k/a Rhea Stevens (collectively, "the Stevens Defendants") "Response to Order Entered December 27, 2023" (Dkt. No. 91). For the reasons discussed below, the Court will grant the Motion for Default Judgment and the Motion for Summary Judgment.

**I.    BACKGROUND**

On March 10, 2021, the United States of America – Internal Revenue Service[2] removed the instant action from the Superior Court of the Virgin Islands to this Court pursuant to 28 U.S.C. § 1444. (Dkt. No. 1).

---

[1] For ease of reference, the Court will refer to Defendants Neal Antonio Stevens, Carlin Leonard Stevens, Sylvin Rodford Stevens, Kevin Winfield Stevens, and Rhea Renea Stevens collectively as the "Stevens Defendants." The Motion for Summary Judgment is directed against the Stevens Defendants and Defendant Virgin Islands Community Bank n/k/a FirstBank Puerto Rico ("FirstBank"). (Dkt. No. 84). The Motion for Default Judgment is directed against Defendants SF Carnegie LLC d/b/a Carnegie Gardens Nursing Center ("SF Carnegie"), General Electric Capital Corporation ("GECC"), and any and all unknown heirs, beneficiaries, devisees, creditors, grantees, assignees, lienors, trustees, and all other parties claiming an interest by, through, under or against the Estate of Carlton L. Stevens a/k/a Carlton Stevens, deceased ("Unknown Defendants"). (Dkt. No. 85).

[2] On October 11, 2022, the United States of America – Internal Revenue Service was voluntarily dismissed without prejudice from the instant action. (Dkt. No. 35).

In its First Amended Complaint, Plaintiff alleges that, on March 14, 1997, Carlton L. Stevens[3] ("Stevens"), executed a Promissory Note (the "Note") in which he promised to pay Banco Popular de Puerto Rico ("Banco Popular") $392,000, plus interest at the rate of 8.5% per annum, in monthly installments. (Dkt. No. 1-1 at p. 7, ¶ 11). As security for payment on the Note, Stevens, executed on the same day and delivered to Banco Popular a First Priority Mortgage ("the Mortgage") encumbering the following property described as:

> Plot 163 Estate Little Princesse, Company Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.4601 US acre, more or less, as more fully shown on OLG Drawing No. 4253 dated January 28, 1985, and revised September 30, 1986;
>
> Plot 1-W-B Estate Little Princesse, Company Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.0434 US acre, more or less as more fully shown on OLG Drawing No. 4140 dated February 17, 1983, and revised February 19, 1985;
>
> Plot 20-BA (consisting of 0.345 US acre), Plot 20-BB (consisting of 0.193 US acre), Plot 20-BD (consisting of 0.240 US acre), and Plot 20-BE (consisting of 0.091 US acre) all of Estate Little Princesse Company Quarter St. Croix, US Virgin Islands, as more fully shown on OLG Drawing No. 3031 dated April 20, 1972

*Id.* at pp. 7-8, ¶ 13. The Amended Complaint alleges that the Mortgage was recorded at the Office of the Recorder of Deeds for the Division of St. Croix. (Dkt. No. 1-1 at p. 8, ¶ 13).

The Amended Complaint further asserts that the Note was replaced by a Substitute Note, and the Mortgage was subsequently modified by a Modification of Agreement. *Id.* at pp. 8-9, ¶¶ 14, 15. In accordance with the Substitute Note and Modification of Agreement, Stevens agreed to pay the new principal amount of $195,034.11, with an interest rate of 6.21% per annum, in equal monthly installments of $1,659.01. *Id.* at pp. 28-32. Per the Modification of Agreement, there was a moratorium of six months and an interest rate reduction from 8.5% to 6.125%, with all other terms and conditions of the Mortgage to remain in effect. *Id.* at p. 30. Plaintiff further alleges that

---

[3] The First Amended Complaint alleges that Carlton L. Stevens died on March 11, 2011. (Dkt. No. 1-1 at ¶ 4). A death certificate, attached as an exhibit, reflects the same date. *Id.* at 18.

3

the Mortgage was assigned to DLJ Mortgage Capital, Inc. via an Assignment of Mortgage dated April 30, 2015 and recorded on June 18, 2015. *Id.* at p. 9, ¶ 16.

Plaintiff asserts that Stevens defaulted under the terms of the Note and Mortgage by failing to pay monthly installments of principal and interest as they became due. *Id.* at p. 9, ¶ 18. By correspondence dated September 24, 2010, Plaintiff gave notice of default to Stevens advising that the loan was in default, including the failure to make timely payment for April 1, 2010 to September 22, 2010, and that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. (Dkt. No. 82-8 at 1-2). Following Stevens' failure to cure the default, Plaintiff declared as due and payable the entire unpaid principal sum along with interest and other charges. (Dkt. No. 1-1 at p. 12, ¶ 27).

Plaintiff seeks, *inter alia*, judgment in its favor and against Defendants awarding the principal balance and interest due and payable as of the date of Judgment and thereafter; providing for the recovery of attorneys' fees and costs incurred by Plaintiff; ordering that the property be sold with any proceeds to be applied to the sums due to Plaintiff; and foreclosing all liens including those of SF Carnegie, FirstBank, and GECC. *Id.* at pp. 10-11, ¶¶ 21-24. Plaintiff also seeks to reform the Mortgage, arguing that the legal description of the Property contained in the Mortgage, Substitute Note, and the Modification of Agreement contains a scrivener's error in that it omits Plot 20-BC Estate Little Princesse. *Id.* at p. 15, ¶¶ 43-44.

On August 1, 2023, Plaintiff filed a "Motion for Summary Judgment" and a "Motion for Default Judgment." (Dkt. Nos. 84, 85). Plaintiff argues that the procedural elements for default judgment against SF Carnegie, GECC, and the Unknown Defendants are met because Plaintiff has satisfied the elements of its debt and foreclosure claims, and there is no indication that any of the aforementioned Defendants are members of the military service, or are infants, or incompetent.

4

(Dkt. No. 81 at 6-7). Plaintiff also seeks default judgment against SF Carnegie and GECC with respect to the priority of the liens. (Dkt. No. 84 at 8). In addition, Plaintiff asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 6. Plaintiff also provided a Declaration of its counsel, Matthew R. Reinhardt, Esq., in support of its Motion for Default Judgment, in which Attorney Reinhardt describes the efforts made by Plaintiff to serve the Unknown Defendants. (Dkt. No. 82-13 at ¶ 7).

In its Motion for Summary Judgment filed on the same day, Plaintiff argues that it is entitled to summary judgment against the junior lienholder defendants, stating that it has a first priority lien pursuant to Virgin Islands law, and it is entitled to the foreclosure of all liens that have a lower priority, whether known or unknown. (Dkt. No. 81 at 8).

Along with the Motions, Plaintiff also submitted an Affidavit of Indebtedness ("Affidavit") signed by Tony Wilde ("Wilde"), Document Control Officer, who attests that he is familiar with the records related to the servicing of the loan, which were maintained as part of Plaintiff's business records. (Dkt. No. 82-9 at 2). Wilde further asserts that the following amounts are due as of March 3, 2023: principal balance of $174,263.74; accrued interest through April 2, 2023 of $76,010.24[4]; escrow advance of $96,686.72; and accumulated late charges of $1,907.76, for a total indebtedness of $348,868.46. *Id*. at 3.

With respect to Plaintiff's request to reform the Mortgage, on November 14, 2023, the Court ordered Plaintiff to submit a legal memorandum discussing 1) the specific details and documentation which support the proposition that Plaintiff's predecessor in interest and Stevens

---

[4] The Financial Breakdown Statement attached to the Affidavit shows that this amount reflects interest accrued on the loan from December 1, 2010 through April 2, 2023. (Dkt. No. 82-9 at 9).

intended to include Plot 20-BC Estate Little Princesse at the time the Mortgage was executed; and 2) the legal and factual bases for the proposition that the Loan Documents should be reformed to include Plot 20-BC Estate Little Princesse. (Dkt. No. 88 at 3). On November 28, 2023, Plaintiff submitted its legal memorandum and accompanying documents. (Dkt. No. 89).

The Court also ordered the Stevens Defendants, who have an interest in the subject Property, to submit a Response addressing the arguments submitted by Plaintiff and discussing whether reformation is appropriate under the circumstances. (Dkt. No. 90 at 2). On January 17, 2024, the Stevens Defendants filed their Response. (Dkt. No. 91).

To date, SF Carnegie and GECC have not appeared in this action.

## II.   APPLICABLE LEGAL PRINCIPLES

### A.   Default Judgment

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an

6

> incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three *Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain,* 210 F.3d at 164). The *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Id.*

### B. Summary Judgment

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also King v. Police and Fire Federal Credit Union*, Civil Action No. 16-6414, 2019 WL 2226049 at *4 (E.D. Pa. May 22, 2019). Thus, the moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Pursuant to Rule 56(e), a non-moving party is required to establish facts which show the existence of a genuine issue for trial. This does not mean, however, "that a moving party is automatically entitled to summary judgment if the opposing party does not respond." *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (internal

7

quotations and citations omitted). "[I]f the adverse party does not [] respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Id.* (emphasis in original).

In reviewing a summary judgment motion, the district court is required to view all facts "in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor." *Curto v. A Country Place Condominium Ass'n., Inc.*, 921 F.3d 405, 409 (3d Cir. 2019) (citations omitted). The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x. 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Pearson v. Prison Health Service*, 850 F.3d 526, 534 (3d Cir. 2017).

"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment." *Flagstar Bank, FSB v. Lyles*, Civil Action No. 2014-0105, 2017 WL 987448, at *3 (D.V.I. Mar. 14, 2017) (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Reformation of the Mortgage and Subsequent Loan Documents

After previously conducting a *Banks* analysis on the reformation of a contract based on mutual mistake, this Court adopted the elements outlined in Section 155 of the Restatement (Second) of Contracts. *See Cent. Mortg. Co. v. Powers,* Civcil Action No. 2014-0096, 2017 WL 1190383, at *7 (D.V.I. Mar. 30, 0217 (citing Restatement (Second) of Contracts § (1981)). The Virgin Islands Superior Court has since adopted that analysis. *Massac v. Gov't of the Virign Islands, Off. Of Lieutenant* Governor, 74 V.I. 320, 325 (V.I. Super. 2021) (analyzing the

reformation of a deed pursuant to Section 155 and adopting the "sound analysis of the Virgn Islands District Court.").

Section 155 of the Restatement (Second) of Contracts provides that:

> Where a writing that evidences or embodies an agreement in whole or in part fails to express the agreement because of a mistake of both parties as to the contents or effect of the writing, the court may at the request of a party reform the writing to express the agreement, except to the extent that rights of third parties such as good faith purchasers for value will be unfairly affected.

*Cent. Mortg. Co.*, 2017 WL 1190383, at *7 (citing Restatement (Second) of Contracts § 155 (1981)). To reform a contract, there must be "clear and convincing evidence [that] shows that, because of mutual mistake by all parties, the contract does not accurately reflect the agreement that the parties intended it should." *Id.* In adopting reformation of mortgage based upon mutual mistake as the law of the Virgin Islands, this Court found that "[s]uch an equitable remedy will permit land to be alienated where mutual mistake has occurred in the title documents in that the improperly formulated document did not embody the intentions of the parties." *Id.* at *8. "Reformation constitutes equitable relief and it is therefore a matter for the court to decide." *Id.*

Additionally, "[t]he equitable doctrine of scrivener's error permits a court to ignore a mistake in a written document when there is clear and convincing evidence that 'a mistake has occurred and that the mistake does not reflect the intent of the parties.'" *Massac,* 74 V.I. at 326 (noting that the comment (a) to § 155 of the Restatement (Second) of Contracts note that "'mutual mistake' and 'scrivener's error' are largely the same thing…."). *Id.* at 14.

Here, the issue presented is whether there is clear and convincing evidence which shows that Stevens and Plaintiff's predecessor, Banco Popular, intended the 1997 Mortgage to encumber Plot 20-BC of Estate Little Princesse, and that by referring only to Plots 163, 1-W-B, 20-BA 20-BB, 20-BD, and 20-BE of Estate Little Princesse in the 1997 Mortgage the parties made a mutual

9

mistake. This issue is more complicated because Stevens is deceased, and thus there is no current articulation by him of his intent. As a result, the only information available to the Court to make its assessment as to whether a mutual mistake occurred comes from the documents which have been provided by Plaintiff and the arguments presented by Plaintiff and the Stevens Defendants.[5]

In its written submission on the reformation issues, Plaintiff points to certain exhibits attached to its submission and argues that the Mortgage references Plot 20-BB Estate Little Princesse, which is joined in perpetuity with Plot 20-BC of Estate Little Princesse.[6] (Dkt. No. 89 at 2). Plaintiff has submitted a copy of the Office of the Lieutenant Governor's ("OLG") Drawing No. 3031 dated April 30, 1972. The drawing, which is referenced in the legal description of the Property contains notes, indicating, *inter alia,*

> "Plot No. 20 BB to be joined with Plot No. 20 BC, and Plot No. 20 BD to be joined with plot No. 20 BE, Estate Little Princess[e]. The above[-]described properties shall be conjoined in perpetuity."

(Dkt. No. 92-1). Plaintiff also submitted copies of two different title searches dated September 15, 2014 and August 1, 2018 both concluding that Plots 20-BB and 20-BC are joined in perpetuity as stated in the Office of the Lieutenant Governor's Drawing No. 3031 dated April 30, 1972. (Dkt. Nos. 89-2 at 4, 89-3 at 3).

---

[5] Plaintiff stated that its counsel had also sought a cop of the loan origination file, but the file was unavailable. (Dkt. No. 89 at 4). Plaintiff also informed the Court, *inter alia*, that the loan was transferred to Plaintiff from the prior servicer without the loan origination file; the mortgage servicer has also reported that the loan origination file is unavailable; and "to date the origination file has not been located or obtained ...." (Dkt. No. 95 at 1-2).

[6] Attached to Plaintiff's submission are copies of the Loan Documents; title searches dated September 15, 2014 and August 1, 2018; the Quitclaim Deed conveying the property to Carlton L. Stevens; a copy of a map showing that the properties share a boundary line; and a document from the Office of the Lieutenant Governor – Office of the Tax Collector showing the amount of property taxes paid on the property from 1996 to 2023. (Dkt. Nos. 89-1, 89-2, 89-3, 89-4, 89-5, 89-6). Plaintiff also filed the survey drawing of the property referenced in the legal description of the property provided in the Quitclaim Deed. (Dkt. No. 92).

In addition, Plaintiff submitted a document from the OLG – Office of the Tax Collector, entitled "Status Real Property Taxes," showing the property taxes collected between the years 1996 to 2023. (Dkt. No. 89-6). There, the description of the subject Property includes Plot 20-BC Estate Little Princesse, and is listed under one parcel identification number. *Id.* Therefore, the property tax document, OLG Drawing and the Quitclaim Deed all reference Plot 20-BC as the full description of the Property.

The Court finds that the aforementioned evidence amply demonstrates that the parties intended the Mortgage to encumber Plot 20-BC of Estate Little Princesse. Because Plot 20-BB—which is joined in perpetuity with Plot 20-BC—is referenced directly in and encumbered by the Mortgage, this is persuasive evidence that Plot 20-BC is also encumbered, although not directly referenced in the Mortgage.

The Stevens Defendants oppose reformation of the Mortgage, arguing only that the Loan Documents executed subsequent to the 1997 Mortgage do not reference Plot 20-BC of Estate Little Princesse in the legal descriptions of the property contained therein. (Dkt. No. 91 at 2-3). This argument misses the mark because the issue before the Court is whether the written record accurately reflects the parties' intent. The Stevens Defendants' argument, which essentially boils down to the truism, that the written document says what it says, does nothing to elucidate the parties' underlying intent. *Cent. Mortg. Co.*, 2017 WL 1190383, at *8 (reformation of the mortgage is an equitable remedy designed to "rectify a situation where the clear intentions of the parties were not incorporated in the writing(s)").

Accordingly, the Court finds that Plaintiff has proven by clear and convincing evidence that the Mortgage was intended to encumber Plot 20-BC Estate Little Princesse. The Mortgage,

Substitute Note, and Modification of Agreement will be reformed to reflect that understanding of the parties.

### B. Default Judgment Against Defendants SF Carnegie, GECC, and the Unknown Defendants

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against SF Carnegie, GECC, and the Unknown Defendants, as confirmed by the factual allegations of the Amended Complaint and the Motion for Default Judgment, together with the accompanying documents. Plaintiff has provided evidence to establish the elements of its foreclosure action against these Defendants. Specifically, Plaintiff has shown that: (1) Stevens executed and delivered a promissory note dated March 14, 1997 (Dkt. No. 82-3); (2) Stevens executed and delivered a Mortgage dated March 14, 1997 (Dkt. No. 82-4); (3) Stevens executed a Substitute Note and Modification of Agreement dated June 23, 2008; (4) Banco Popular, Plaintiff's predecessor in interest, transferred its interest in the Property to Plaintiff via an Assignment of Mortgage on April 30, 2015 (Dkt. No. 82-7); (5) Plaintiff has possession of the Note and is the holder of the Mortgage, which provides that Plaintiff is entitled to foreclose its lien on the Property (Dkt. No. 82-4 at ¶ 21);

and (6) Stevens is in default under the terms of the Note and the Mortgage (Dkt. No. 82-8). Accepting the factual allegations as true and in light of the accompanying documentation confirming the terms of the Note and the Mortgage, the Court finds that Plaintiff has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against SF Carnegie, GECC, and the Unknown Defendants. It has properly shown that: (1) SF Carnegie and GECC were served with the Summons and First Amended Complaint (Dkt. Nos. 70, 74), while the Unknown Defendants were served via publication (Dkt. No. 15); (2) SF Carnegie, GECC, and the Unknown Defendants have not appeared in this action; (3) default was entered against these Defendants by the Clerk of Court (Dkt. Nos. 22, 86, 87).[7]

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, despite being served with a copy of the Summons and Amended Complaint, SF Carnegie, GECC, and the Unknown Defendants have failed to appear and raise any defenses in this matter. In addition, these Defendants' culpable conduct is evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc., et al.*, Civil Action No. 2011-0059, 2013 WL

---

[7] Because Defendants SF Carnegie and GECC are entities, the default judgment requirements for individual defendants—that they are not infants or incompetent persons, or in the active military service—are not relevant as to those Defendants. *See United States v. Arawak Program, Inc.*, *et al.*, Civil Action No. 2015-0027, 2016 WL 6123247, at *2 n.1 (D.V.I. Sept. 23, 2016).

1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that default judgment against SF Carnegie, GECC, and the Unknown Defendants is warranted.

### C. Summary Judgment Against the Stevens Defendants and FirstBank

Plaintiff moves for summary judgment against the Stevens Defendants and FirstBank. (Dkt. No. 84). As noted previously, the record shows that Stevens: executed the Note on March 14, 1997 in favor of Plaintiff's predecessor in interest (Dkt. No. 82-3); executed the Mortgage in favor of Plaintiff's predecessor in interest on the same day (Dkt. No. 82-4); executed a Substitute Note and Modification of Agreement on June 23, 2008 (Dkt. Nos. 82-5, 82-6); and passed away in March 2011 (Dkt. No. 82-2). Following Stevens' death, the Stevens Defendants received an interest in the Property. To date, the default on the outstanding debt has not been cured. As the owner and holder of the Note, Plaintiff may pursue the debt and foreclosure action. Moreover, the Mortgage provides that, should default occur or should the borrower die, Plaintiff may enforce available rights and remedies, including foreclosure sale. (Dkt. No. 82-4 at ¶ 21).

The Court finds that this evidence is sufficient to shift the burden to the Stevens Defendants to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable fact-finder could rule in his favor" regarding the debt and foreclosure causes of action. *Hart v. Electronic Arts, Inc.*, 717 F.3d 141, 148 (3d Cir. 2015). While the Stevens Defendants have appeared, they have not responded to Plaintiff's Motion for Summary Judgment. Thus, there is no challenge to any of the material facts contained in Plaintiff's Motion for Summary Judgment. Therefore, there is no genuine issue of material fact that the debt owed to Plaintiff is in default and has not been paid despite demand. Accordingly, the Court will grant summary judgment in favor

of Plaintiff and against the Stevens Defendants. *See United States v. Springer*, Civil Action No. 2012-0001, 2013 WL 363681, at *4 (D.V.I. Jan. 24, 2013) (finding summary judgment appropriate against son of deceased property owner who did not assume mortgage payments).

### D.    Priority of the Liens

The Court will also grant summary judgment in favor of Plaintiff and against FirstBank as to the priority of the liens.

"When determining the priority of liens, the Virgin Islands is a race notice jurisdiction." *Kennedy Funding, Inc. v. Oracle Bus. Devs., LLC*, Civil Action No. 2012-0009, 2016 WL 447843, at *7 (D.V.I. Feb. 4, 2016). Thus, an earlier recorded instrument takes priority over a later filed instrument. *See Moco Inves., Inc. v. United States*, 362 F. App'x 305, 309 (3d Cir. 2010). Based on the record, Plaintiff's Mortgage was recorded on March 24, 1997 (Dkt. No. 82-4 at 6), while FirstBank's liens were recorded on October 21, 1998, May 5, 2009, December 20, 2010, and May 9, 2012 (Dkt. No. 82-11). Because Plaintiff's lien was recorded prior to those of FirstBank, Plaintiff has a first priority lien on the Property. Accordingly, Plaintiff is entitled to summary judgment against FirstBank as to the priority of the liens on the Property.

The Court determines the priority of the liens as follows: Plaintiff has a first priority lien; FirstBank has second, third, fifth, and sixth priority liens; and GECC, whose lien was recorded on July 17, 2009, has a fourth priority lien.[8]

---

[8] Under Virgin Islands law, "[w]hen a judgment is given foreclosing two or more liens upon the same property or any portion thereof in favor of different persons not united in interest[,] such judgment shall determine and specify the order of time, according to their priority, in which the debts secured by such lien shall be satisfied out of the proceeds of the sale of the property." 28 V.I.C. § 533.

However, the Court cannot determine whether SF Carnegie has a lien on the subject Property. While the document submitted by Plaintiff shows that SF Carnegie filed a "Caveat By Creditor" (Dkt. No. 82-10) in a Florida court in May 2011, there is no evidence in the record that SF Carnegie

### E. Indebtedness

Plaintiff has explained to the Court's satisfaction how it calculated the amounts owed by providing an Affidavit, along with supporting documentation. Based on the Affidavit and supporting documentation provided, Plaintiff is entitled to a judgment in the amount of $361,704.82, consisting of a principal balance of $174,263.74; accrued interest through April 2, 2023 of $76,010.24; accrued interest from April 3, 2023 through the date of entry of Judgment of $12,836.36[9]; escrow advance of $96,686.72; and accumulated late charges of $1,907.76.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff DLJ Mortgage Capital, Inc.'s "Motion for Summary Judgment" (Dkt. No. 84) and "Motion for Default Judgment" (Dkt. No. 85). The Court will grant default judgment in favor of Plaintiff and against Defendants SF Carnegie, LLC d/b/a Carnegie Gardens Nursing Center, General Electric Capital Corporation, and the Unknown Defendants. The Court will also grant summary judgment in favor of Plaintiff and against the Stevens Defendants and Defendant Virgin Islands Community Bank n/k/a FirstBank Puerto Rico.

The Court finds that the following amounts are due: a principal balance of $174,263.74; accrued interest through April 2, 2023 of $76,010.24; accrued interest from April 3, 2023 through the date of entry of Judgment of $12,836.36; escrow advance of $96,686.72; and accumulated late charges of $1,907.76; for a total indebtedness of $361,704.82. The total indebtedness of

---

has recorded a lien with the U.S. Virgin Islands Recorder of Deeds such that its priority could be determined. Accordingly, the Court will only determine the priority of Plaintiff's, FirstBank's, and GECC's liens.

[9] Plaintiff has established that interest accrues on the indebtedness at an interest rate of 6.125% per annum from April 3, 2023 up to and including the date of entry of Judgment. Accrued interest is therefore calculated as: $29.24 per diem rate *x* 439 days = $12,836.36.

$361,704.82 shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

The Court determines the priority of the liens as follows: Plaintiff has a first priority lien; FirstBank has second, third, fifth, and sixth priority liens; and GECC has a fourth priority lien.

The Court finds by clear and convincing evidence that Plaintiff's predecessor-in-interest and Stevens committed a mutual mistake and intended that the 1997 Mortgage would encumber Plot 20-BC of Estate Little Princesse. The Court will therefore grant Plaintiff's request to reform the March 14, 1997 First Priority Mortgage, Substitute Note dated June 23, 2008, and Modification of Agreement dated June 23, 2008 to reflect that the 1997 Mortgage encumbers Plot 20-BC of Estate Little Princesse.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date:  June 14, 2024                             _____/s/_____
                                                 WILMA A. LEWIS
                                                 District Judge